Happy's Auto, LLC

vs.

Midwest Family Mutual Insurance Company

**SUMMONS**

To the above-named Defendant/Respondent:

**Midwest Family Mutual Insurance Company**
**c/o Commissioner of Insurance - KS Insurance Dept., 420 SW 9th Street**
**Topeka, KS  66612**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Christopher W Sook
1200 Main Street, Suite 101
P.O. Box 128
Hays, KS 67601

within 40 days after service of summons on you.

*Amber Washburn*  (SEAL)

Clerk of the District Court
Electronically signed on 02/06/2019 02:56:47 PM

**Documents to be served with the Summons:**
PLE: Petition Petition for Declaratory and Legal Judgment

ELECTRONICALLY FILED
2019 Feb 06 PM 2:29
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000009

Christopher W. Sook, #20737
JETER TURNER SOOK BAXTER, LLP
1200 Main, Suite 101
PO Box 128
Hays, KS 67601
(785) 628-8226
csook@jeterlawoffice.com

## IN THE DISTRICT COURT OF ELLIS COUNTY, KANSAS
### Civil Division

| | |
|---|---|
| HAPPY'S AUTO, LLC, | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| MIDWEST FAMILY MUTUAL | ) |
| INSURANCE COMPANY, | ) |
|      Defendant. | ) |

Pursuant to KSA Chapter 60

### PETITION FOR DECLARATORY AND LEGAL JUDGMENT

COMES NOW Happy's Auto, LLC, by and through undersigned counsel, and for its cause of action against Midwest Family Mutual Insurance Company, states and alleges the following:

### General Allegations

1. Happy's Auto, LLC ("Plaintiff") is a Kansas limited liability company operating an automobile dealership at 801 Vine Street, Hays, Kansas.

2. Midwest Family Mutual Insurance Company ("Defendant") is a foreign insurance company doing business in the State of Kansas with its office located at 4401 Westown Parkway, Suite 305, West Des Moines, IA, 50266, and may be served with process pursuant to K.S.A. 40-218 by serving the Kansas Insurance Commissioner at:

> Commissioner of Insurance
> Attn: Legal Division
> Kansas Insurance Department
> 420 SW 9th Street
> Topeka, KS 66612

1

3. This action originates from a contract for insurance entered into with Plaintiff and a claimed loss occurring in Ellis County, Kansas. This Court has jurisdiction over the parties and subject matter and is the proper venue for this action.

4. On or about July 28, 2016, Defendant entered into a contract ("the Policy") to provide Plaintiff with comprehensive "Garagekeepers" insurance coverage typical for providing insurance coverage for a used car dealership.

5. The coverage period contracted for by Plaintiff under the Policy was July 28, 2016 through July 28, 2017.

6. The Policy states that Defendant will pay Plaintiff for loss to covered autos or equipment caused by, among other reasons, hail.

7. On or about June 15, 2017, a hail storm impacted the City of Hays and surrounding areas. Plaintiff's inventory of vehicles suffered damage as a result of the storm.

8. Plaintiff submitted a claim to Defendant, seeking coverage for the losses suffered due to damage to Plaintiff's inventory of vehicles.

9. Defendant subsequently assigned an adjuster, who initially inspected Plaintiff's inventory of damaged vehicles approximately two weeks after the hail storm.

10. In order to speed the process of inspecting the damaged vehicles and reduce disruption of Plaintiff's business at its sales lot, many of the adjuster's inspections were conducted at Mid Kansas Auto Auction, 700 West 48th Street, Hays, Kansas, a larger facility separate from Plaintiff's dealership.

11. Plaintiff arranged to drive or transport damaged vehicles to the Mid Kansas location for the adjuster's inspection.

12. For some vehicles damaged in the hail storm, their location at the time of the storm was at various repair shops or the Mid Kansas business location, where the vehicles were prepared for sale on Plaintiff's dealership lot after acquisition.

13. At no point in the inspections by the adjuster did the adjuster inquire as to the location of each damaged vehicle as of the date of the hail storm.

14. On July 17, 2017, Defendant issued payment to Plaintiff by which Defendant paid for losses caused by the hail storm on fifty-three (53) of the vehicles in Plaintiff's inventory.

15. By cover letter attached to the July 17, 2017 check and dated July 14, 2017, Defendant denied coverage for any of Plaintiff's remaining inventory of vehicles, claiming that they were "located at 700 West 48th Street, Hays, Kansas...[and were] vehicles located at a property that was not identified as an insured location on the policy."

16. The Policy in question states that Defendant will not pay for:

> "'Loss' to any covered 'auto' displayed or stored at any location not shown [on the Declarations page of the Policy] if the 'loss' occurs more than 45 days after your use of the location begins."

17. Plaintiff objected to the exclusion of a large part of its damaged inventory from coverage, and obtained repair estimates of its own on vehicles Defendant's adjuster initially refused to inspect at her first inspection.

18. Plaintiff maintains that it does not "store" or "display" its automobiles at any location other than its dealership.

19. Plaintiff had at the time of the hail storm a contractual arrangement with Mid Kansas Auto Auction by which Mid Kansas Auto Auction refurbished, repaired and otherwise prepared for sale automobiles purchased by Plaintiff for re-sale by Plaintiff.

3

20. Plaintiff also sells inventory through Mid Kansas Auto Auction's auction sales to other dealers, necessitating that vehicles sometimes be transported to and located at the Mid Kansas Auto Auction facility in advance of re-sale by auction.

21. Any vehicles located at Mid Kansas Auto Auction or any other repair facility on the date of the hail storm were not located at the facility to "store" or "display" the vehicles at those locations, but were in the process of being prepared for re-sale on Plaintiff's lot or by auction.

22. After Plaintiff objected, Defendant sent the adjuster back to inspect additional vehicles that were not initially inspected. The second inspections by Defendant's adjuster occurred in September 2017.

23. On November 21, 2017, Defendant sent Plaintiff a letter and issued an additional payment for coverage on eight (8) additional vehicles that were damaged in the hail storm, but continued to deny coverage for vehicles it claims were "stored at 700 West 48th Street, Hays, KS, or any other location other than 801 Vine Street, Hays, KS."

24. Defendant has denied coverage under the Policy without any evidence regarding the location of the disputed vehicles as of the date of the hail storm.

25. Defendant has refused coverage on One Hundred Twelve (112) vehicles that Plaintiff claims were part of its inventory and were damaged in the hail storm.

26. Plaintiff has made demand, based upon Defendant's average estimated damage amounts for the vehicles upon which Defendant has provided coverage, for unadjusted claims of $458,083.36 for the 112 vehicles that Defendant has refused coverage.

27. Defendant has failed or refused to pay the claims on the 112 damaged automobiles.

4

## Count I
## Declaratory Judgment

28. Plaintiff adopts and incorporates the allegations of paragraphs 1 through 27 of this Petition as though fully set forth herein.

29. Pursuant to K.S.A. 60-1701, this Court has the power to declare the rights of the parties under the Policy by virtue of the Court's power to construe written contracts under K.S.A. 60-1704 and issue a declaration of said rights, status of the parties and other legal relations under said written contracts.

30. The Court also has the power to construe the Policy where, as here, a breach has occurred pursuant to K.S.A. 60-1705, and Defendant's denial of coverage is a breach of the parties' contract (the Policy).

31. Defendant's denial of coverage under the Policy based on Defendant's interpretation of the Policy's exclusion of coverage regarding Defendant's assertion that Plaintiff was "storing" or "displaying" the vehicles at a location other than Plaintiff's dealership is in error.

32. Defendant's denial of coverage without information or evidence to support Defendant's position that Plaintiff was "storing" or "displaying" vehicles, or said denial without even knowing the location of the vehicles as of the date of the hail storm, constitutes a denial of coverage and failure to pay the full amount of Plaintiff's loss, and, pursuant to K.S.A. 40-256, entitles Defendant to an award of its reasonable attorney fees and costs of this action.

WHEREFORE, Plaintiff requests that the Court review the Policy in question and provide an order declaring the rights of the parties under the Policy, specifically finding that Plaintiff was not "storing" or "displaying" vehicles off-site as Defendant has claimed; requiring Defendant to cover the loss on all damaged vehicles; finding that Defendant's failure to pay the

full amount of Plaintiff's loss from the hail storm entitles Plaintiff to its attorney fees and costs; and providing Plaintiff such further relief as the Court deems just and equitable.

## Count II
## Breach of Contract – Monetary Relief

33. Plaintiff adopts and incorporates the allegations of paragraphs 1 through 32 of this Petition as though fully set forth herein.

34. Defendant's refusal to pay the full loss for the vehicles damaged in the hail storm constitutes a breach of Defendant's obligations under the Policy.

35. As a result of Defendant's breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for a sum in excess of $75,000.00; that Plaintiff be entitled to its attorney fees in addition to the judgment herein pursuant to K.S.A. 40-256; and that the Court provide Plaintiff such further relief as the Court deems just and equitable.

Respectfully submitted:

*/s/ Christopher W. Sook*
Christopher W. Sook, #20737
JETER TURNER SOOK BAXTER, LLP
1200 Main, Suite 101
P.O. Box 128
Hays, KS 67601
(785) 628-8226
csook@jeterlawoffice.com

ELECTRONICALLY FILED
2019 Feb 13 AM 11:29
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000009

Case #   **2019-CV-000009**               Service Type:   **Certified Mail**
                                          County:   Ellis
Mid-Century Insurance Company, a California corp.    Service On:  **Midwest Family Mutual Insurance Co.**
vs.                                                  **c/o Commissioner of Insurance**
Pryor Automatic Fire Sprinkler, Inc., et al.         **State of Kansas**

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this Summons/Petition:

(1) **Personal Service**. By delivering a copy of such document to the above-named party on the date indicated:

(2) **Residence Service**. By leaving a copy of such document at the usual place of residence of the above named party with a person of suitable age and discretion residing therein on the date indicated: _____ (name & date)

(3) **Agent Service**. By delivering a copy of such document to the following agent authorized by appointment or by law to receive service of process on the date indicated: _____ (agent name) _____ (date)

(4) **Residence Service and Mailing**. By leaving a copy of such document at the usual place of residence of the above-named party and mailing by first-class mail on the date indicated: _____ (date)

(5) **Service by Return Receipt Delivery**. By causing to be delivered on **2/11/2019**, a copy of such document by return receipt delivery to the above named party at the above address with such delivery made by the following person or entity: **Commissioner of Insurance, Attn: Legal Division, Kansas Insurance Department, 420 SW 9th Street, Topeka, KS 66612** attached hereto is a copy of the return receipt evidencing such delivery.

(6) **Return Receipt Refused**. By mailing a copy of such document by first-class mail, postage prepaid, addressed to the above-named party at the above address on the date indicated: _____(date).

(7) **Facsimile**: By faxing a copy of such document to the above-named party on the date indicated: _____(date) at _____ (time)   Fax#_____   Fax#_____
                                          (transmitting)            (receiving)

(8) **Avoidance of Service**. After diligent effort, I am satisfied that the above named party is secreting themselves in order to avoid the process of the Court.

(9) **No Service**. The above-named party was not served.

Pursuant to K.S.A. 53-601, as amended, I declare under the penalty of perjury that the foregoing is true and correct.
Executed on: February 13, 2019

_____
Signature & Title of Officer or Process Server

Attorney Name:   Christopher W. Sook  #20737
Attorney Address:  Jeter Turner Sook Baxter, LLP, PO Box 128
                   Hays, KS  67601

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Commissioner of Insurance<br>Attn: Legal Division<br>Kansas Insurance Department<br>420 SW 9th Street<br>Topeka, KS 66612 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>RECEIVED<br>FEB 11 2019<br>KANSAS INSURANCE DEPT. | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4247 8121 3821 92 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7016 3010 0000 3009 1595 | ☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery<br>(over $500) | |

PS Form 3811, July 2015 PSN 7530-02-000-9053                        Domestic Return Receipt

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Happy's Auto, LLC

Plaintiff

VS.

Midwest Family Mutual
Insurance Company

Defendant

Case No. 2019-CV-000009

District Court
Ellis County
Hays, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on February 11, 2019, I received the Summons and Petition for Declaratory and Legal Judgment in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Midwest Family Mutual
Insurance Company
Attn: Becky Szymczak
4401 Westown Parkway
West Des Moines, IA 50266

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 420 S.W. NINTH STREET, TOPEKA, KANSAS, 66612-1678.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 11th day of February, 2019.

Vicki Schmidt
Commissioner of Insurance

BY:

Elizabeth Hickert-Fike
Assistant General Counsel

ELECTRONICALLY FILED
2019 Feb 14 AM 10:34
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: 2019-CV-000009

Case #   **2019-CV-000009**          Service Type:  **Certified Mail**
                                     County:  Ellis
Happy's Auto, LLC                    Service On:  **Midwest Family Mutual Insurance Co.**
vs.                                  **c/o Commissioner of Insurance**
Midwest Family Mutual Insurance Company   **State of Kansas**

## CORRECTED RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served this Summons/Petition:

(1) **Personal Service.** By delivering a copy of such document to the above-named party on the date indicated:

(2) **Residence Service.** By leaving a copy of such document at the usual place of residence of the above named party with a person of suitable age and discretion residing therein on the date indicated: _____ (name & date)

(3) **Agent Service.** By delivering a copy of such document to the following agent authorized by appointment or by law to receive service of process on the date indicated: _____ (agent name) _____ (date)

(4) **Residence Service and Mailing.** By leaving a copy of such document at the usual place of residence of the above-named party and mailing by first-class mail on the date indicated: _____ (date)

(5) **Service by Return Receipt Delivery.** By causing to be delivered on **2/11/2019**, a copy of such document by return receipt delivery to the above named party at the above address with such delivery made by the following person or entity: **Commissioner of Insurance, Attn:  Legal Division, Kansas Insurance Department, 420 SW 9th Street, Topeka, KS  66612** attached hereto is a copy of the return receipt evidencing such delivery.

(6) **Return Receipt Refused.** By mailing a copy of such document by first-class mail, postage prepaid, addressed to the above-named party at the above address on the date indicated: _____(date).

(7) **Facsimile:** By faxing a copy of such document to the above-named party on the date indicated: _____(date) at _____ (time)   Fax#_____   Fax#_____
                                                      (transmitting)            (receiving)

(8) **Avoidance of Service.**  After diligent effort, I am satisfied that the above named party is secreting themselves in order to avoid the process of the Court.

(9) **No Service.** The above-named party was not served.

Pursuant to K.S.A. 53-601, as amended, I declare under the penalty of perjury that the foregoing is true and correct.
Executed on: February 14, 2019

_____
Signature & Title of Officer or Process Server

Attorney Name:  Christopher W. Sook  #20737
Attorney Address:  Jeter Turner Sook Baxter, LLP, PO Box 128
                   Hays, KS  67601

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ~~Smith~~  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Commissioner of Insurance<br>Attn: Legal Division<br>Kansas Insurance Department<br>420 SW 9th Street<br>Topeka, KS 66612<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4247 8121 3821 92 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>RECEIVED<br>FEB 11 2019<br>KANSAS INSURANCE DEPT. |
| 2. Article Number (Transfer from service label)<br>7016 3010 0000 3009 1595 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ all Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**STATE OF KANSAS**
**DEPARTMENT OF INSURANCE**

# COMMISSIONER'S PROOF OF SERVICE

Happy's Auto, LLC

Plaintiff

VS.

Midwest Family Mutual
Insurance Company

Defendant

Case No. 2019-CV-000009

District Court
Ellis County
Hays, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on February 11, 2019, I received the Summons and Petition for Declaratory and Legal Judgment in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Midwest Family Mutual
Insurance Company
Attn: Becky Szymczak
4401 Westown Parkway
West Des Moines, IA 50266

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 420 S.W. NINTH STREET, TOPEKA, KANSAS, 66612-1678.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 11th day of February, 2019.

Vicki Schmidt
Commissioner of Insurance

BY:

Elizabeth Hickert-Fike
Assistant General Counsel